IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **SECURITY ALARM FINANCING ENTERPRISES, INC.** | * | **CIVIL ACTION NO. 05-0911** |
| | * | **JUDGE JAMES** |
| **VERSUS** | * | **MAGISTRATE JUDGE HAYES** |
| **JAYNE GREEN** | | |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is an unopposed motion for summary judgment filed by defendant, Jayne Green ("Green"). (Document No. 13). For reasons stated below, it is recommended that the motion be **GRANTED.**

### BACKGROUND

This case involves the enforceability of a covenant not to compete in a contract between two corporations for the sale of goodwill and business assets. On October 29, 1999, Central Cellular, Inc. ("CCI"), a business engaged in providing security services, entered into a contract with plaintiff, Security Alarm Financing Enterprises, Inc. ("SAFE"), in which CCI sold various customer accounts to SAFE. Included in the contract was the following non-competition clause:

> Seller acknowledges that one of the fundamental expectations of SAFE in acquiring the RMR Accounts is that the RMR Accounts will be renewed by each Customer after expiration of their current terms and Seller acknowledges that RMR Accounts customarily are so renewed. Accordingly, neither Seller nor any of Seller's shareholders, directors, officers, partners, employees, or agents will in any manner, directly or indirectly, solicit, interfere or compete with SAFE or take any other action which is designed, intended, or might be reasonably anticipated to have the effect of (i) adversely affecting SAFE's interest in any RMR Account, or the continued and repeated renewals of the RMR Accounts, or (ii) discouraging any Customer from maintaining the same business relationships with SAFE after the Closing Date as were maintained with Seller prior to the Closing Date. This paragraph applies to the Customer, as well as to the monitored location . . . .

Sale Agreement, p. 14. Additionally, the clause included the following limitations:

> [T]he covenant not to compete . . . shall be limited to the city or cities, county or counties in which the monitored location and/or the places of business of the

> Customer are located and shall be effective so long as SAFE, or any person deriving title to any or all of the RMR Accounts, shall continue the business related to such RMR Accounts.

*Id*. Plaintiff, Green, vice-president of CCI, and a vice-president from SAFE reviewed and signed the contract.

In its complaint, SAFE alleged that Green, as an officer and shareholder of CCI, violated the covenant not to compete by directly contacting SAFE's customers and either (1) "solicited those customers to cancel the contracts between the customers and SAFE"; or (2) "signed the name of the customers to a cancellation notice." Pl.'s Complaint, ¶ 12. Accordingly, SAFE seeks to permanently enjoin Green from engaging in the alleged solicitation and interference.

In requesting summary judgment, Green claims that the covenant not to compete is unenforceable as a matter of law because it does not comport with the narrow exceptions to Louisiana's general prohibition of restraints on competition.[1]

## LAW AND ANALYSIS

Summary Judgment Standard

Summary judgment is appropriate when the evidence before the Court shows that no genuine issue as to any material fact exists and that the moving party is entitled to judgment as a matter of law. F.R.C.P. Rule 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" under this standard if the non-moving party has presented sufficient evidence

---

[1] Green also asserts lack of federal subject matter jurisdiction and the existence of an arbitration clause in the contract as other bases for summary judgment. Neither of these grounds, however, is persuasive. A review of the complaint shows that Green, a Louisiana domiciliary, and SAFE, a California corporation, are of diverse citizenship and that the amount in controversy exceeds $75,000. Thus, federal subject matter jurisdiction exists. Similarly, the alleged binding arbitration clause specifically states that it "shall not affect the right of SAFE to seek an injunction pursuant to Section 6.1.2 [the non-competition clause] prior to implementing the procedures set forth above." Sale Agreement, p. 19. Thus, the arbitration clause has no effect on SAFE's claim against Green for allegedly violating the covenant not to compete.

such that a reasonable jury could return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden in summary judgment and must demonstrate through portions of the pleadings, depositions, answers to interrogatories, admissions and/or affidavits that no genuine issue of material fact exists. *Celotex Corp.*, 477 U.S. at 323. Once the moving party has successfully demonstrated the absence of a genuine issue of material fact, the burden shifts to the non-moving party to show the opposite. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In doing so, the non-moving party may not merely rely on the allegations and conclusions contained within the pleadings; rather, he "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). Furthermore, these specific facts must be shown through something more than "some metaphysical doubt as to the material facts, by conclusory unsubstantiated allegations, or by a mere scintilla of evidence." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

While the facts are to be reviewed with all inferences drawn in favor of the non-moving party, factual controversies are resolved in favor of the non-movant only when there is an actual controversy. That is, when both parties have submitted evidence of contradictory facts. *McCallum Highlands, Limited v. Washington Capital Dus, Inc.*, 66 F.3d 89 (5th Cir. 1995). In this case, the plaintiff has failed to submit evidence of any facts contradictory to those submitted by the moving party. In the absence of an opposition to the motion, this Court must accept the evidence presented by the defendant and the statements of undisputed facts as true. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); ULLR 56.2E&W. Thus, for purposes of this motion, those facts are deemed admitted.

Enforceability of Covenant Not to Compete

Under Louisiana law, covenants not to compete, and other similar restraints on robust competition, are generally disfavored, and, historically, courts have strictly construed such agreements. *Louisiana Smoked Products, Inc. v. Savoie's Sausage and Food Products, Inc.*, 696 So.2d 1373, 1376-77 (La. 1997). Accordingly, "every contract or agreement, or provision thereof, by which anyone is restrained from exercising a lawful profession, trade, or business of any kind, except as provided in this Section, shall be null and void." La. Rev. Stat. Ann. § 23:921(A)(1) (2005). Despite this broad prohibition, several exceptions exist for the myriad of modern business relationships. Of particular relevance, is the exception for corporations who sell their goodwill or assets to another corporation:

> Any person, including a corporation and the individual shareholders of such corporation, who sells the goodwill of a business may agree with the buyer that the seller or other interested party in the transaction, will refrain from carrying on or engaging in a business similar to the business being sold or from soliciting customers of the business being sold within a specified parish or parishes, or municipality or municipalities, or parts thereof, so long as the buyer, or any person deriving title to the goodwill from him, carries on a like business therein, not to exceed a period of two years from the date of sale.

*Id.* at (B). As is evident from the above exception, covenants not to compete between transacting corporations must (1) not exceed two years in duration and must (2) specifically identify the covered parish(es). *Id*. Given the restrictive language of section 23:921(A) and the general animosity toward restraints on competition, covenants not to compete with language that they apply in "whatever parishes, counties, or municipalities that a company conducts business" does not satisfy the second prong of the above exception. *See Risk Servs. of La., Inc. v. Ryan*, 2001-0614 *3 (La.App. 4 Cir. 1/23/02); 807 So.2d 1058, 1060-61.

The covenant not to compete in the contract between CCI and SAFE does not satisfy the requirements in section 23:921(B) and thus is enforceable against Green. The covenant contains no duration restrictions and, if read literally, would apply in perpetuity. Furthermore, the

4

geographic limitation, namely that the covenant only applies in the cities and parishes where SAFE's customers reside, does not contain the requisite specificity under subsection B. SAFE, as the beneficiary of the covenant, was obligated to ensure that it met the requirements of the exception described above, and because it did not, the covenant is unenforceable. Therefore, it is recommended that the defendant's motion for summary judgment be **GRANTED.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 12th day of January, 2006.

H:\Contract\05-0911.011206.rr.klh.frm

KAREN L. HAYES
U. S. MAGISTRATE JUDGE