**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **SECURITY ALARM FINANCING ENTERPRISES, INC.** | **CIVIL ACTION NO. 05-0911 consol. with**<br>**CIVIL ACTION NO. 06-0713**<br>**CIVIL ACTION NO. 07-1413** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **JANE GREEN, ET AL** | **MAG. JUDGE KAREN L. HAYES** |

**RULING**

Under the Court's scheduling order, Consolidated Plaintiffs, Security Alarm Financing Company, Inc. ("SAFE") and Mark Sutton, Trustee on behalf of Central Cellular, Inc. ("CCI"), were obligated to deliver a witness list to Consolidated Defendants, Jayne Green, Bobby Green, Chad Burford, and Central Security of North-LA, L.L.C., by February 1, 2008. Consolidated Plaintiffs intend to call at trial several witnesses who were not identified by name to Consolidated Defendants by that date. Consolidated Defendants have now filed a Memorandum of Law [Doc. 102] and a related Motion in Limine [Doc. No. 63] arguing that Consolidated Plaintiffs should be precluded at trial from calling all witnesses who were not timely disclosed.

For the following reasons, Consolidated Defendants' Motion in Limine [Doc. No. 63] is GRANTED IN PART. The Court GRANTS the relief requested in Part IV of that motion. Thus, Consolidated Plaintiffs are precluded from calling to testify any witness not timely identified by name to Consolidated Defendants.

    **I.    FACTS AND PROCEDURAL HISTORY**

On July 14, 2008, the parties submitted a Joint Proposed Pretrial Order. [Doc. No. 68]. In

that proposed order, Consolidated Plaintiffs listed over sixty potential witnesses who had not previously been identified by name to Consolidated Defendants in a witness list. Those witnesses were also not identified by name in response to Consolidated Defendants' interrogatory, which requested "the name, address, and telephone number of each and every person known to you or whom you reasonably believe has any knowledge or information relating to any of the allegations made by you." [Doc. No. 102, Exh. C].

At the pretrial conference and in the Joint Proposed Pretrial Order, Consolidated Defendants objected to the untimely disclosed witnesses, and Magistrate Judge Karen L. Hayes ordered the parties to file a memorandum of law addressing whether Consolidated Plaintiffs should be permitted to call those witnesses at trial. Consolidated Defendants raised the issue their Motion in Limine [Doc. No. 63], and both parties have filed a memorandum of law on the issue [Doc. Nos. 99 and 102].

On Monday August 11, 2008, the Court received Consolidated Plaintiffs' final witness list. Several of the witnesses listed were not timely identified to Consolidated Defendants.

II.  **LAW AND ANALYSIS**

Under Federal Rule of Civil Procedure 26(a), a party is obligated to disclose to an opposing party the <u>name</u>, address, and telephone number of "individuals likely to have discoverable information" without awaiting a discovery request. FED. R. CIV. P. 26(a). Additionally, under this Court's scheduling order Consolidated Plaintiffs were obligated to disclose potential witnesses by February 1, 2008. [Doc. No. 50]. The Court's scheduling order further required Consolidated Plaintiffs to "supplement their list immediately with the <u>names</u> of any additional witnesses who become known after [that date]." <u>Id.</u> (emphasis added). Similarly, under Federal Rule of Civil

2

Procedure 26(e), a party which has made a disclosure under Rule 26(a) or who has responded to a discovery request must supplement its disclosure or response in a timely manner if it learns that its response was materially incomplete or incorrect. FED. R. CIV. P. 26(e); FED. R. CIV. P. 37(c). Under Federal Rule of Civil Procedure 37(c), a party that fails to timely identify a witness under Rule 26(a) or update a materially incomplete or incorrect discovery response under Rule 26(e) is not allowed to use that witness to supply evidence at trial, "unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c).

### 1. Substantially Justified

Consolidated Plaintiffs do not dispute that they intend to call witnesses who were not disclosed by name until several months after the February 1, 2008 deadline, and they have only claimed that they were justified in failing to disclose one of those witnesses. According to Consolidated Plaintiffs, they were justified in untimely disclosing E. Orum Young because they did not realize until April 24, 2008, that his testimony would be relevant.

However, even if Consolidated Plaintiffs did not realize that Young's testimony would be relevant until that date, Consolidated Plaintiffs did not disclose him as a potential witness to Consolidated Defendants until a month and a half later. Consolidated Plaintiffs have offered no explanation for this delay.

### 2. Harmless

In determining whether a violation is harmless, the Court may consider (1) the explanation, if any, for the non-disclosing party's failure to comply with the rule; (2) the prejudice to the opposing party if the witness is allowed to testify; (3) the possibility of curing any prejudice by granting a continuance; and (4) the importance of the witness's testimony. See Barrett v. Atlantic

Richfield Co., 95 F.3d 375, 380 (5th Cir. 1996); Texas A & M Research Found. v. Magna Transp., Inc., 338 F.3d 394, 402 (5th Cir. 2003); Current v. Atochem North America, Inc., No. 00-332, 2001 WL 36101282, at *3 (W.D. La. Sept. 18, 2001).

Other than E. Orum Young, Consolidated Plaintiffs have offered no explanation for why they failed to timely disclose these witnesses, and the explanation for not timely disclosing attorney Young is unpersuasive. Indeed, Consolidated Plaintiffs have known the names of many of the untimely disclosed witnesses for years. Consolidated Plaintiffs have not articulated how the testimony of the untimely disclosed witnesses is important to their case.

Consolidated Plaintiffs have suggested in their filing with the Court that Consolidated Defendants would not be prejudiced if they were permitted to call several of the untimely disclosed witnesses. According to Consolidated Plaintiffs, "[i]t is believed that" most of the untimely disclosed witnesses are former customers of SAFE wrongly solicited by Consolidated Defendants. Consolidated Plaintiffs argue that before February 1, 2008, they generally informed Consolidated Defendants that they might call former customers of SAFE who were solicited by Consolidated Defendants.

Although Consolidated Plaintiffs informed Consolidated Defendants that they would be calling some former SAFE customers, Consolidated Plaintiffs, despite knowing many of the names of these former customers, only identified them by name several months after the deadline for identifying witnesses. Consolidated Plaintiffs effectively ambushed Consolidated Defendants by listing in the proposed pretrial order over sixty potential witnesses who had never previously been identified by name. Without names, Consolidated Defendants were unable to determine which of SAFE's former customers they should depose or prepare to cross-examine at trial. Even after

4

Consolidated Defendants objected to this conduct, Consolidated Plaintiffs still submitted a final witness list that contained at least nine witnesses who had not been timely identified by name.

Finally, Consolidated Plaintiffs have not requested a continuance, nor is a continuance justified. This case has been pending for over three years, and Consolidated Defendants' resources will be strained if the trial is continued. Furthermore, a continuance would neither punish the failure of Consolidated Plaintiffs nor deter future failures. See Villarreal v. City of Laredo, No. L-03-11, 2008 WL 2770110, * 4( S.D. Tex. 2008) (citing Hamburger v. State Farm Mut. Auto. Ins. Co., 361 F.3d 875, 884 (5th Cir. 2004)).

### III. CONCLUSION

For these reasons, the Motion in Limine [Doc. No. 63] is GRANTED IN PART. The Court GRANTS the relief requested in Part IV of that Motion, and Consolidated Plaintiffs are precluded from calling to testify at trial those witnesses not timely identified by name to Consolidated Defendants, including Melanie M. Oliver, Bettye Nolan, William Keener, Esther Posey, Barbara Watts, Paul Messer, Bernie Nolan, David R. Moore, and E. Orum Young. The Court will defer ruling on the remaining parts of Consolidated Defendants' Motion in Limine.

MONROE, LOUISIANA, this 14th day of August, 2008.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE